## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, and JUSTYNA MALONEY,<br><br>Plaintiffs,<br><br>v.<br><br>SPY DIALER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | DOCKET NO. 1:24-cv-11023<br><br>CIVIL ACTION<br><br>**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |

ON NOTICE TO:

Clerk, United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey  07101

Clerk, Superior Court of New Jersey
Morris County Courthouse
Washington and Court Streets
Morristown, New Jersey 07960-0910

Rajiv D. Parikh, Esq.
John J. Boulton, Esq.
Jessica A. Merejo, Esq.

PEM Law LLP
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
*Attorneys for Plaintiffs*

John A. Yanchunis, Esq.
Ryan J. McGee, Esq.
Morgan & Morgan
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
*Attorneys for Plaintiffs*

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and

1446, defendant, Spy Dialer, Inc., by and through its undersigned counsel, hereby

respectfully removes all claims and causes of action in the state court civil action

titled, <u>Atlas Data Privacy Corp. v. Spy Dialer, Inc. et al.</u>, bearing docket number

MRS-L-259-24 (the "State Court Action") described below, from the Superior Court

of New Jersey, Morris Vicinage, to the United States District Court for the District

of New Jersey and, in support, respectfully states as follows:

## I.    **LOCAL RULE 10.1 STATEMENT**

The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1,

Jane Doe-2, Edwin Maldonado, Scott Maloney, and Justyna Maloney.   The address

for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City,

New Jersey 07302. The remaining plaintiffs' addresses are unknown to Spy Dialer,

Inc., which is filing this Notice of Removal. Plaintiffs are represented by Rajiv D.

Parikh, Esq., John J. Boulton, Esq. and Jessica A. Merejo, Esq. of PEM Law LLP,

located at 1 Boland Drive, Suite 101, West Orange, NJ 07502; and by John A. Yanchunis, Esq. and Ryan McGee, Esq. of Morgan & Morgan, located at 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

Spy Dialer, Inc. is represented by Christopher Nucifora, Esq. and Timothy M. Ortolani, Esq. of Kaufman Dolowich LLP, Court Plaza North, 25 Main Street, Suite 500, Hackensack, New Jersey 07601.

## II.    STATEMENT OF THE CASE

Plaintiffs Atlas Data Privacy Corporation ("Atlas"), as the purported assignee for the claims of 19,522 individuals (the "Alleged Assignors"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, and Justyna Maloney (collectively, "Plaintiffs"), commenced State Court Action on February 8, 2024, when they filed their Complaint (the "Complaint") in the Superior Court of New Jersey, Morris County, titled Atlas Data Privacy Corp. v. Spy Dialer, Inc. et al., bearing docket number MRS-L-259-24 (the "State Court Action"). **Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 5.1(e), a copy of all process, pleadings, and orders filed to date in the State Court Action are attached.**

In their Complaint**,** Plaintiffs assert claims against Defendant for violations of Daniel's Law, N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1 (See Exhibit A ("Compl."), ¶¶ 54-60).  In their Complaint, Plaintiffs, including Atlas, the purported assignee of the 19,522 Alleged Assignors, allege that they "transmitted notice in

3

writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available," but the Spy Dialer did not do so, in violation of Daniel's Law, causing Plaintiffs to sustain damages.  (See Ex. A, Compl., at ¶¶ 55-60).

This Notice of Removal is based on the allegations of the Complaint and does not admit the truth of that which is alleged in the Complaint.  Spy Dialer, Inc. expressly denies that Plaintiffs are entitled to any relief and reserves all rights under the law.

## III.    THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

*Original Jurisdiction*.  Absent a federal claim, disputes between citizens of different states, or of a foreign state may be brought in any appropriate United States District Court, where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

Here, the Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because, as set forth infra, (1) the parties are completely diverse in citizenship, and (2) because the value of Plaintiffs' claim(s) is greater than $75,000. Therefore, the action is removable to this Court pursuant to 28 U.S.C. § 1441.

*Complete Diversity of the Parties.*  To "establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete

diversity of citizenship among the parties and an amount in controversy exceeding $75,000." Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 Fed. Appx. 289, 292 (3d Cir. 2010). "Since the enactment of § 1332, complete diversity of citizenship has been required—*i.e.,* plaintiff and any defendant must be citizens of different states." Okechuku v. Sharp Mgmt., 522 B.R. 762, 764–65 (D.N.J. 2014) (citing Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990)). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Zambelli Fireworks Mfg. Co. v .Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing 28 U.S.C. § 1332(c)).

Here, Plaintiffs' citizenship is as follows.

- According to the Complaint, Plaintiff-Atlas Data Privacy Corporation ("Atlas"), as the purported assignee for the claims of 19,522 individuals against Spy Dialer, Inc., is a Delaware corporation "with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302." (See Ex. A, Compl., at ¶ 22). Therefore, Atlas is a citizen of **Delaware** and (purportedly) **New Jersey.**

- According to the Complaint, Plaintiff-Jane Doe-1 is a police officer "working in Northern New Jersey." (See Ex. A, Compl., at ¶ 15). Under New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in

such position." N.J.S.A. 40A:14-122.8.3. Therefore, Jane Doe-1 is a citizen of **New Jersey.**

- According to the Complaint, Plaintiff-Jane Doe-2 is a police officer "who lives in Northern New Jersey." (See Ex. A, Compl., at ¶ 16). Therefore, Jane Doe-2 is a citizen of **New Jersey.**

- According to the Complaint, Plaintiff-Edwin Maldonado is a member of the Plainfield Police Department in Plainfield, New Jersey. (See Ex. A, Compl., at ¶ 17). Therefore, Plaintiff-Edwin Maldonado is a citizen of **New Jersey.**

- According to the Complaint, Plaintiffs Scott Maloney and Justyna Maloney are married and "live together in New Jersey." (See Ex. A, Compl., at ¶ 19). Therefore, Plaintiffs-Scott Maloney and Justyna Maloney are citizens of **New Jersey.**

Defendants' citizenship is as follows:

- Defendant-Spy Dialer, Inc. is a corporation incorporated in the State of California with a principal place of business at 32605 Temecula Parkway, Suite 101, Temecula, California 92592. Therefore, Spy Dialer, Inc. is a citizen of **California.**

- The fictitiously named defendants have no bearing on consideration of diversity jurisdiction. See 28 USC § 1441(b)(1).

6

Thus, complete diversity of citizenship exists, as Plaintiffs (Delaware and New Jersey) and Defendant (California) are citizens of different states.

**_Amount in Controversy_**.    Along with complete diversity, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "[S]o long as one plaintiff in this case satisfies the jurisdictional amount, this Court may exercise supplemental jurisdiction over the remaining plaintiffs' claims." Burgess v. Bennet, 2021 WL 1050313, at *5 n.9 (D.N.J. Mar. 19, 2021) (citing 28 U.S.C. § 1367). When "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." Yucis v. Sears Outlet Stores, LLC, 813 F. App'x 780, 782 n.2 (3d Cir. 2020) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)) (alterations in original). Federal jurisdiction is proper "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," unless "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007).

Estimates of the amount in controversy in removal petitions are not concessions of liability, nor admissions that plaintiffs are entitled to particular damages. Schor v. State Farm Fire and Cas. Ins. Co., 2015 WL 1230200, at *4 n.1 (E.D. Pa. Mar. 18, 2015); see also Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395,

400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.")

Atlas claims it is the assignee of 19,522 "Covered Persons" who were allegedly the victims of violations of Daniel's Law. (See Ex. A, Compl., at ¶ 23.) Daniel's Law authorizes at least $1,000 in liquidated damages for "each violation" of the act. (Id. at ¶¶ 47, 60);   N.J.S.A. 56:8-166.1(c)(1). Atlas, alone, therefore alleges statutory damages that, under any calculation of violations, far exceed the $75,000 threshold.

Even if the Court were to disregard Atlas's aggregated claims, the Individual Plaintiffs' claims for damages also exceed the $75,000 threshold.  Each Individual Plaintiff seeks (1) "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation,'" (2) "an additional amount in punitive damages, to be determined by the Court, for 'willful noncompliance' as allowed under Daniel's Law," (3) "reasonable attorneys' fees," and (4) "injunctive relief." (See Ex. A, Compl., at ¶ 60.) Adding together potential statutory, actual, and punitive damages, as well as the value of injunctive relief and attorneys' fees, there is more than $75,000 at issue for each Individual Plaintiff.

Thus, the amount in controversy requirement is also satisfied.

***Timeliness***.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which

it may be ascertained that the case is removable. 28 U.S.C. § 1446(b).  This removal notice is filed within thirty (30) days after service of Plaintiff's Complaint, which occurred on November 12, 2024, as confirmed by the Affidavit of Service filed by Plaintiff with the Superior Court of New Jersey.  (See Exhibit H, at p. 10 of 15) Thus, this notice of removal is timely.

*No Additional Consent Required.*  Consent is not required of any other party, as the other "defendants" are fictious parties who have not been served.  See Balazik v. County of Dauphin, 44 F.3d 209, 213 & n.4 (3d Cir. 1995).

*Venue and Allocation.* Venue is proper in the United States District Court for the District New Jersey.  Given that there are several other matters brought under Daniel's Law pending against other defendants in Camden, Spy Dialer, Inc., in the interest of judicial economy, respectfully requests that this matter be allocated to Camden, as well.

## IV.  THE OTHER PROCEDURAL REQUIREMENTS ARE SATISFIED

*Copies of Filed Papers in State Court Action.*  As noted above, pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 5.1(e), a copy of all process, pleadings, and orders filed to date in the State Court Action are attached.  A complete list of all papers filed in the State Court Action, and their corresponding exhibit labels, is below:

Exhibit A: Complaint (February 8, 2024)

Exhibit B: Track Assignment Notice by Court (February 10, 2024)

Exhibit C: Adjournment Request (March 20, 2024)

Exhibit D: Adjournment Request (April 11, 2024)

Exhibit E: Substitution of Attorney (April 19, 2024)

Exhibit F: Lack of Prosecution Dismissal Warning (June 22, 2024)

Exhibit G: Lack of Prosecution Dismissal Order (August 26, 2024)

Exhibit H: Motion to Reinstate Case (November 27, 2024)

***Notice to State Court.*** In addition, pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal attached, is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Morris County. Additionally, Spy Dialer, Inc. has served a copy of this notice of removal on Plaintiffs as confirmed by the annexed Certification of Service. (See Certification of Service.)

## IV.   **CONCLUSION**

By this notice, Spy Dialer, Inc. does not waive any objections it may have to service, jurisdiction, or venue, or any other defenses or objections to this action. Spy Dialer, Inc. intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Spy Dialer, Inc. prays that this action be removed to this Court for determination, that all further proceedings in the state court suit be stayed, and that Spy Dialer, Inc. obtains all additional relief to which it is entitled.

**KAUFMAN DOLOWICH LLP**
*Attorneys for Defendant, Spy Dialer, Inc.*

By:
_____
CHRISTOPHER NUCIFORA, ESQ.
(Attorney No. 03131-1999)
TIMOTHY M. ORTOLANI, ESQ.
(Attorney No. 20288-2017)
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601
Tel:    (201) 708-8236
Fax:    (201) 488-6652
cnucifora@kaufmandolowich.com
tortolani@kaufmandolowich.com

Dated: December 10, 2024
        Hackensack, New Jersey

## CERTIFICATION OF SERVICE

I hereby certify that on December 10, 2024, a true and correct copy of the foregoing was served upon the following:

by CM/ECF:

> Clerk, United States District Court
> District of New Jersey
> Martin Luther King Building & U.S. Courthouse
> 50 Walnut Street Room 4015
> Newark, New Jersey  07101

by eCourts:

> Clerk, Superior Court of New Jersey
> Morris County Courthouse
> Washington and Court Streets
> Morristown, New Jersey 07960-0910

By eCourts, regular mail, and email:

> Rajiv D. Parikh, Esq.
> John J. Boulton, Esq.
> Jessica A. Merejo, Esq.
> PEM Law LLP
> 1 Boland Drive, Suite 101
> West Orange, New Jersey 07052
> *Attorneys for Plaintiff*

> John A. Yanchunis, Esq.
> Ryan J. McGee, Esq.
> Morgan & Morgan
> 201 North Franklin Street, 7th Floor
> Tampa, Florida 33602
> *Attorneys for Plaintiff*

Dated:  December 10, 2024

_____
TIMOTHY M. ORTOLANI

12