UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, and JUSTYNA MALONEY,<br><br>                Plaintiffs,<br><br>v.<br><br>SPY DIALER, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>                Defendants. | Civil Action No. 1:24-cv-11023<br><br>(Hon. Harvey Bartle, III)<br><br>Oral Argument Requested |

**DEFENDANT SPY DIALER, INC.'S SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT
FOR LACK OF PERSONAL JURISDICTION,
PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Christopher Nucifora, Esq.
Timothy M. Ortolani, Esq.
Kaufman Dolowich LLP
Court Plaza South
25 Main Street, Suite 500
Hackensack, NJ 07601
 (201) 488-6655
*Attorneys for Defendant, Spy Dialer, Inc.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ....................................................................................................1

ARGUMENT ...........................................................................................................1

   A. Neither General nor Specific Jurisdiction Over Spy Dialer Exist…………………………...................................................................1

CONCLUSION ........................................................................................................7

i

# **TABLE OF AUTHORITIES**

**Cases**

*Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629 (D.N.J. 2004) .......6

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985)......................................................6

*Calder v. Jones*, 465 U.S. 783 (1984)........................................................................4

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)..........................................................2

*Hasson v. FullStory, Inc.*, 114 F.4th 181 (3d Cir. 2024) ...........................................2

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998)...................................3

*Kim v. Korean Air Lines Co., Ltd.*, 513 F. Supp. 3d 462 (D.N.J. 2021) ...................6

*LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474 (3d Cir. 2011) ...........5

*Redi-Data, Inc. v. Spamhaus Project*, 2022 WL 3040949 (D.N.J. Aug. 2, 2022) ....5

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) ...........................3

*Walburn v. Rovema Packaging Machs., L.P.,* 2008 WL 852443
(D.N.J. Mar. 28, 2008)................................................................................................4

*Walden v. Fiore*, 571 U.S. 277 (2014).................................................................. 4-6

**Court Rules**

Fed. R. Civ. P. 12(b)(2)...............................................................................................1

Fed. R. Civ. P. 12(b)(3)...............................................................................................1

ii

# INTRODUCTION

Defendant, Spy Dialer, Inc. ("Spy Dialer"), respectfully submits this supplemental brief in support of its motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Spy Dialer respectfully joins in and adopts in full the arguments contained within the joint memorandum of law filed on the *Atlas Data Privacy Corp, et al. v. GoHunt LLC, et al.* (Civil Action No. 1:24-cv-04380) docket and, given that jurisdictional-based arguments are inherently defendant-specific, adds the following to crystalize precisely why the Court has no jurisdiction over it. To avoid redundancy and to comply with the Court's January 22, 2025 text order, Spy Dialer limits its supplemental brief to the application of the facts to the relevant law.

# ARGUMENT

### A.   Neither General Nor Specific Jurisdiction Over Spy Dialer Exists.

As the Declaration of Robert Scott, the Chief Executive Officer of Spy Dialer, Inc. makes clear, Spy Dialer is a corporation that is incorporated in California and maintains its principal place of business in California. In short, Spy Dialer has no connection to New Jersey whatsoever. Spy Dialer is not registered to do business in New Jersey, does not have any employees in New Jersey, has no physical address in New Jersey, occupies no property or office space in New Jersey, has no assets in New Jersey, and does not undertake any marketing activities within New Jersey or

1

directed to New Jersey residents, specifically. It also has no financial relationships in New Jersey. Its business, which operates as a website, offers nothing in the way of services specific to New Jersey residents and nothing in the way of information exclusive to New Jersey or its residents. Against this factual backdrop, it is clear that Spy Dialer is anything but "essentially at home" in New Jersey. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). To be sure, there is nothing contained within the Complaint from which it can even be gleaned that general jurisdiction exists, either. All that the Complaint alleges is that "visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number" from Spy Dialer, and that Spy Dialer has not timely processed the Plaintiffs' nondisclosure or information takedown requests. (Ex. A at ¶¶ 37, 48-50.) The mere fact that New Jersey residents are able to access Spy Dialer's website, however, and, as alleged in the Complaint, send information takedown requests to Spy Dialer, is nowhere near sufficient to subject Spy Dialer to general jurisdiction. *Daimler*, 571 U.S. at 139 n.20.

There is likewise no basis for the Court to exert specific jurisdiction. As aptly set forth in the joint memorandum of law, the analysis of whether courts can exercise specific jurisdiction is threefold. First, "the plaintiff must show that the defendant has 'minimum contacts' with the forum such that it 'purposefully avail[ed] itself of the privilege of conducting activities within the forum' and 'invok[ed] the benefits

2

and protections of [the forum's] laws.'" *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003)). "Second, the plaintiff's claims must arise out of or relate to at least some of those contacts, evidencing a strong relationship among the defendant, the forum, and the litigation." *Id.* (citations omitted). If those two requirements are met, the Court must then determine whether "the exercise of jurisdiction over the defendant . . . 'comport[s] with traditional notions of fair play and substantial justice' such that 'the defendant should reasonably anticipate being haled into court in that forum.'" *Id.* (quoting *Toys "R" Us*, 318 F.3d at 451).

Here, not only does the Declaration of Robert Scott conclusively establish that Spy Dialer, Inc. does not have the "minimum contacts" with New Jersey necessary for the exercise of specific jurisdiction to be proper, but there is also no allegation in the Complaint that Spy Dialer has purposefully availed itself of conducting any activity within New Jersey, nor any factual allegation even suggesting that Spy Dialer has acted in any way to purposefully direct its activities toward New Jersey. And, as the Scott Declaration makes clear, it did not, as Spy Dialer's website offers nothing in the way of services specific to New Jersey residents and nothing in the way of information exclusive to New Jersey or its residents. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 256 (3d Cir. 1998) (a plaintiff must show that defendants

3

"expressly aimed [their allegedly] tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity").

Indeed, assuming for the sake of argument that Spy Dialer had known that it had received the nondisclosure or information takedown requests within the 10 business days that the statute requires they be processed, and further assuming that Spy Dialer had known that the requests came from New Jersey residents, this does not give rise to specific jurisdiction, either. *See Walburn v. Rovema Packaging Machs., L.P.*, 2008 WL 852443, at *7 (D.N.J. Mar. 28, 2008) (explaining that "Plaintiff's contention that jurisdiction is proper because the Defendants committed an intentional tort against her in New Jersey with the knowledge that she was a[] New Jersey resident does not comport with the holding of *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)" because "*Calder* requires deliberate targeting of the forum" and "[t]he fact that the Plaintiff happens to live in New Jersey, and has the base of her operations there, is accidental for jurisdictional purposes," and thus, a "court cannot automatically infer that a defendant expressly aimed its tortious conduct at the forum from the fact that the defendant knew that the plaintiff resided in the forum").

All that Plaintiffs' Complaint alleges is that New Jersey residents submitted nondisclosure or information takedown requests **to Spy Dialer**, which Plaintiff does not allege—aside from its bald, generalized, and incorrect claim that it "conduct[s]

4

business" in New Jersey (Ex. A, ¶¶ 39-40)—to have any connection to New Jersey, and that Spy Dialer, ostensibly through nonaction, did not process them within 10 business days. Quite clearly, there was no "aiming" or "directing" of anything here on the part of Spy Dialer, much less toward New Jersey.

To the extent Plaintiffs may nevertheless argue that Spy Dialer's minimum contacts with New Jersey arise out of the nondisclosure or information takedown requests sent by Plaintiffs to Spy Dialer in the form of electronic communications, and that the same is sufficient to establish specific jurisdiction, the argument is without merit. *See Redi-Data, Inc. v. Spamhaus Project*, 2022 WL 3040949, at *6 (D.N.J. Aug. 2, 2022) (explaining that the communications the plaintiff cited for the proposition that personal jurisdiction existed were initiated by the plaintiff, not the defendant, and holding that "[b]ecause minimum contacts 'must arise out of contacts that the defendant *himself* creates with the forum State,' these communications are insufficient to establish personal jurisdiction") (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Here, the only alleged "connection" to New Jersey is that Plaintiffs happen to reside in New Jersey and submitted requests to Spy Dialer pursuant to a New Jersey statute. But that is insufficient to confer specific jurisdiction over a nonresident defendant such as Spy Dialer. *See Walden*, *supra*, 571 U.S. at 285 ("the plaintiff cannot be the only link between the defendant and the forum"). Moreover, the allegation that Plaintiffs have suffered harm in New Jersey is likewise

insufficient to confer personal jurisdiction over Spy Dialer. *See LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 477 (3d Cir. 2011) ("[T]he foreseeability of harm being suffered in a forum is insufficient to establish personal jurisdiction"). And, while Spy Dialer operates a website which may be accessed by New Jersey residents, "'the mere operation of a commercially interactive website' does not confer jurisdiction wherever that website may be accessed." *Redi-Data, Inc.*, *supra*, 2022 WL 3040949, at *5 (quoting *Kim v. Korean Air Lines Co., Ltd.*, 513 F. Supp. 3d 462, 470-71 (D.N.J. 2021)).

Finally, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, *supra*, 571 U.S. at 286 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  Mindful of the foregoing, it simply cannot be said that a finding of specific jurisdiction over Spy Dialer—a California corporation that has its principal place of business in California and that has no affiliation with New Jersey—which cannot "reasonably anticipate being haled into [New Jersey] court" solely because it operates a "universally accessible website." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 635 (D.N.J. 2004) (quoting *Burger King*, *supra*, 471 U.S. at 475) (internal quotation marks omitted)).

6

## **CONCLUSION**

For all of the foregoing reasons and on the basis of the authority cited herein, Spy Dialer's motion to dismiss for lack of personal jurisdiction should be granted.

                                                Respectfully submitted,
                                                **Kaufman Dolowich LLP**

                                                */s/ Christopher Nucifora*
                                                Christopher Nucifora, Esq.
                                                Timothy M. Ortolani, Esq.
                                                Court Plaza North
                                                25 Main Street, Suite 500
                                                Hackensack, New Jersey 07601
                                                Tel: (201) 708-8207
                                                Fax: (201) 488-6652
                                                cnucifora@kaufmandolowich.com
                                                tortolani@kaufmandolowich.com

Dated: March 18, 2025            *Attorneys for Defendant, Spy Dialer, Inc.*