**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, and JUSTYNA MALONEY, <br><br> Plaintiffs, <br><br> v. <br><br> SPY DIALER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | (Electronically Filed) <br><br> Civil Action No. 1:24-cv-11023 (HB) <br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER TO SEAL** <br><br> Return Date: March 16, 2026 |

**THIS MATTER** having come before the Court upon the application of Defendant Spy Dialer, Inc., pursuant to Local Civil Rule 5.3(c), to seal certain documents filed in connection with its reply brief (ECF Docket Entry No. 57), as well as ECF Docket Entry Nos. 57-2 (Responses to Interrogatories); 57-3 (Responses to Document Requests); 57-5 (Supplemental Responses to Interrogatories); and 57-7 (Deposition Transcript of Robert Scott); and the Court having considered any written submissions of the parties; and the Court having determined that this motion involves the protection of information that is of a highly sensitive business or personal nature, the disclosure of which being highly likely to cause significant harm to a person, or a business, or the competitive position of the business, and consistent with New Jersey law and sound public policy, and for other and good cause otherwise having been shown; the Court makes the following findings and conclusions:

**FINDINGS OF FACT**

1.      Defendant, Spy Dialer, Inc. ("Defendant" or "Spy Dialer") produced discovery responses marked "CONFIDENTIAL—FOR ATTORNEYS' EYES ONLY" throughout the course of jurisdictional discovery, including responses to interrogatories, responses to document requests, and supplemental answers to interrogatories.

2.      Spy Dialer filed a motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction, pursuant to F.R.C.P. 12(b)(2).

3.      In response to Plaintiffs' opposition to the motion, Spy Dialer filed a reply, in which it attached as Exhibit A (ECF Docket Entry Nos. 57-2) its Responses to Interrogatories; as Exhibit B (ECF Docket Entry No. 57-3) its Responses to Document Requests; and as Exhibit D (ECF Docket Entry No. 57-5) its Supplemental Responses to Interrogatories.

4.      The reply also included, as Exhibit F (ECF Docket Entry No. 57-7) the Deposition Transcript of Robert Scott.

5.      On May 14, 2025, the Court entered a Confidentiality Order in this case.  (ECF Docket Entry No. 26).

6.      Spy Dialer, pursuant to the Confidentiality Order, marked the aforementioned discovery responses (ECF Docket Entry Nos. 57-2, 57-3, and 57-5) as "CONFIDENTIAL—FOR ATTORNEYS' EYES ONLY."

7.      Spy Dialer, throughout its reply brief (ECF Docket Entry No. 57) quotes directly and/or cites from ECF Docket Entry Nos. 57-2, 57-3, 57-5, and 57-7 in support of its legal arguments.

**CONCLUSIONS OF LAW**

8.      The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 5.3, as well as Defendant's papers in support of its instant motion, finds that Defendant

has satisfied its burden of proving under Local Civil Rule 5.3(c) and applicable case law that the information which is the subject of the instant motion is entitled to protection.

9.      In civil cases, there exists a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)).  But "[t]his right of access is not absolute, [and] requires a weighing of competing interests." Malhan v. Grewal, No. CV 16-8495 (CCC), 2020 WL 6689753, at *3 (D.N.J. Nov. 13, 2020) (quoting Feinwachs v. Minn. Hosp. Ass'n, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018)).  As such, the party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).

10.      The burden to establish that a motion to seal under Local Civil Rule 5.3(c) should be granted is on the moving party.  The rule requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

11.      A review of the discovery responses (ECF Docket Entry Nos. 57-2, 57-3, and 57-5) appended to Spy Dialer's reply indicates that Spy Dialer's designation of those documents as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" is appropriate under the circumstances, as they contain highly sensitive business information, the disclosure of which is likely to lead to significant harm to the business or to the competitive position of the business.

12.    The Court's Confidentiality Order, pursuant to which Spy Dialer's designations were made, provides that materials marked "Confidential" or "Attorneys' Eyes Only" "shall be filed under seal."

13.    A review of the transcript of the deposition of Defendant's corporate representative, Robert Scott, similarly indicates that sealing is warranted, given the witness's extensive discussion of the intricacies of Spy Dialer's business.

14.    The Court is satisfied that the legitimate private interests of Spy Dialer outweigh any interest the public may have in viewing Spy Dialer's personal jurisdiction discovery responses, or deposition testimony.

15.    The Court is satisfied that the information which is the subject of Spy Dialer's instant motion satisfies the standards set forth in Local Rule 5.3(c), as it is highly sensitive, and there is no less restrictive alternative to sealing the documents at issue.

THEREFORE, it is on this  23rd  day of  March        2026;

ORDERED Defendant's motion pursuant to Local Civil Rule 5.3(c) to permanently seal select documents on the Court's electronic docket—ECF Docket Entry Nos. 57-2, 57-3, 57-5, 57-7—and those portions of ECF Docket Entry No. 57 which quote from, cite, or discuss material from ECF Docket Entry Nos. 57-2, 57-3, 57-5, 57-7 is GRANTED.

SO ORDERED:

By:     /s/ Harvey Bartle III                    
J.